HEATHER FERBERT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
STACY J. PLOTKIN-WOLFF, Senior Chief Deputy City Attorney
California State Bar No. 174793
KEITH PHILLIPS, Chief Deputy City Attorney
California State Bar No. 190664
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856

Attorneys for Defendants
CITY OF SAN DIEGO, JONATHAN FERRARO,
PATRICK RICHARDS, EMILEE EMAMJOMEH,
JAMES EALSON, AND SCOTT WAHL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU DING, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, JONATHAN FERRARO, an individual, PATRICK RICHARDS, an individual, EMILEE EMAMJOMEH, an individual, JAMES EALSON, an individual, SCOTT WAHL, an individual, and DOES 1-25,<br><br>    Defendants. | Case No.  25-cv-01683-AJB-JLB<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE/ INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTIONS TO DISMISS**<br><br>Date:        November 20, 2025<br>Time:       2:00 p.m.<br>Judge:      Hon. Anthony J. Battaglia<br>Court Room: 4A<br>Trial:        Not Set |

Defendants City of San Diego, Sgt. Jonathan Ferraro, Officer Patrick Richards, Officer Emilee Emamjomeh, Sgt. James Ealson, and Chief Scott Wahl file this Request for Judicial Notice and to Incorporate by Reference in support of their memoranda of points and authorities in support of their motions to dismiss portions of Plaintiff's Amended Complaint (ECF No. 1). They ask that the Court either take notice of, consider the following documents as incorporated into Plaintiff's operative complaint by reference, or consider the video evidence because it serves the Supreme

Court's edict to resolve issues of qualified immunity at the earliest opportunity and the videos are utterly discredits Ding's version of events:

| | | |
|---|---|---|
| **Exhibit A:** | | Security video from Costco parking lot; |
| **Exhibit B:** | | First video recording from Officer Richards' body worn camera; |
| **Exhibit C:** | | Second video recording from Officer Richards' body worn camera; |
| **Exhibit D:** | | Third video recording from Officer Richards' body worn camera; |
| **Exhibit E:** | | Footage from the Body Worn Camera worn by Officer Emamjomeh; and |
| **Exhibit F:** | | Fourth video recording from Officer Richards' body worn camera. |

## I. AUTHORITY AND ARGUMENT

Defendants ask the Court to take judicial notice of the above documents and video under Federal Rules of Evidence 201(b) and 803(8), the incorporation by reference doctrine, and to serve the Supreme Court's edict of determining qualified immunity at the earliest stage possible.

Defendants ask the Court to take judicial notice of the video footage under Federal Rules of Evidence 201(b) and 803(8). Judicially noticed items must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Further, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall*

*v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks omitted)).

In *Sams v. Yahoo! Inc.*, 713 F.3d 1175 (9th Cir. 2013), for example, plaintiffs sued Yahoo! for producing certain private records pursuant to a subpoena issued by a district attorney in Georgia. Plaintiffs' complaint did not attach the subpoenas, but alleged Yahoo! should not have produced the records because the subpoenas were facially invalid. Yahoo!'s motion to dismiss argued the subpoenas were facially valid and included copies of the subpoenas. In affirming the district court's dismissal of the lawsuit, the Ninth Circuit found the court properly considered the subpoenas because the documents were "critical" to plaintiffs' lawsuit and there were no factual disputes as to their content. *Id*. at 1179.

In *Khoja,* the Ninth Circuit clarified "when it is proper to … incorporate by reference documents into a complaint, and when it is not." *Id*. at 999. The court explained that "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims. [Citations omitted.]" Id. at 1002. The doctrine applies "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id*. (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

Here, Defendants ask that the Court take judicial notice, incorporated by reference, or consider Exhibits A-F. Exhibit A is a security video from the Costco parking lot showing a large portion of the conflict including how it started. Exhibit B, C, D and F is footage captured by Officer Richards' body worn camera utterly discrediting many of the allegations in the Complaint. Exhibit E is footage of Ding's interview at the substation captured by Officer Emamjomeh's body worn camera, which also blatantly contradicts Ding's claims.

Ding's factual allegations are, at best, misleading. It is precisely this type of situation that the *Khoja* Court indicated warranted incorporation by reference. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims." 899 F.3d at 999.

Additionally, Defendants request the Court consider the videos to serve the Supreme Court's edict to determine qualified immunity at the earliest possible stage since "[q]ualified immunity is designed to spare public officials not just from liability, but from the burdens of litigation itself. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly admonished courts to resolve immunity 'at the earliest possible stage in litigation.' *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). That directive is thwarted if the Court declines to consider readily available, authentic body-worn camera footage that conclusively establishes the reasonableness of the officers' conduct.

Although Ninth Circuit precedent limits the incorporation-by-reference doctrine, see *Khoja*, 899 F.3d 988 (9th Cir. 2018), those restrictions should yield in the qualified-immunity context, where the Supreme Court's mandate to avoid unnecessary litigation is paramount. *Scott v. Harris*, 550 U.S. 372, 380 (2007), recognized that where video evidence 'utterly discredits' a plaintiff's version of events, courts must view the facts in light of that evidence. That principle applies equally at the pleading stage.

To hold otherwise is to permit complaints to survive merely by omitting reference to dispositive video evidence — a result squarely at odds with the Supreme Court's immunity jurisprudence."

The Supreme Court has made clear that qualified immunity is "an immunity from suit rather than a mere defense to liability" and therefore must be resolved "at the earliest possible stage in litigation." *Mitchell v. Forsyth*, 472 U.S. at 526; *Pearson v. Callahan*, 555 U.S. at 231–32; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (qualified immunity is a "threshold question"). Qualified immunity is designed to protect officers not only from liability but also from "the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

This case presents precisely the type of situation where the Court should resolve immunity now. Defendants submitted body-worn camera and security footage that is authentic, undisputed, and central to the allegations at issue. The videos utterly discredit Plaintiff's factual allegations, demonstrating that the officers' conduct was objectively reasonable under the circumstances. Under *Scott v. Harris*, when video evidence "utterly discredits" a party's version of the facts, the Court should view the facts in the light depicted by the video.

The Ninth Circuit has generally limited district courts at the Rule 12(b)(6) stage to considering materials that are incorporated into the complaint by reference or judicially noticeable. *Khoja*, 899 F.3d at 998–1003 (9th Cir. 2018). In the specific context of body-worn camera footage, the Ninth Circuit has permitted reliance on video where the complaint itself references the footage and authenticity is undisputed. *J.K.J. v. City of San Diego*, 93 F.4th 1061, 1071–72 (9th Cir. 2024).

Respectfully, however, applying *Khoja*'s strict incorporation-by-reference doctrine to exclude undisputed video evidence at the motion-to-dismiss stage conflicts with the Supreme Court's repeated directive that qualified immunity be resolved "at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231–32. If a plaintiff can avoid dismissal merely by omitting any reference to dispositive video evidence, then officers will be subjected to the exact discovery burdens and litigation costs that qualified immunity is designed to prevent. See *Mitchell*, 472 U.S. at 526.

Other circuits have adopted a more pragmatic approach, recognizing that district courts may consider video evidence at dismissal where it clearly contradicts the pleadings. See, e.g., *Davis v. City of Apopka*, 78 F.4th 1322, 1328–29 (11th Cir. 2023) (relying on body-camera video at 12(b)(6) to reject allegations contradicted by footage). The Supreme Court's reasoning in *Scott* supports this approach.

Accordingly, this Court should follow the Supreme Court's mandate and consider the body-worn camera and security footage in evaluating Defendants' Rule 12(b)(6) motions. The footage conclusively establishes that the officers acted reasonably, entitling them to qualified immunity at this earliest stage[1].

## II. CONCLUSION

For the reasons stated above, Defendants respectfully request the Court grant Defendants' request for judicial notice, incorporation by reference, and consideration of the video evidence.

Dated: September 3, 2025        HEATHER FERBERT, City Attorney

By  /s/ Stacy J. Plotkin-Wolff
Stacy J. Plotkin-Wolff
Senior Chief Deputy City Attorney

Attorneys for Defendants
CITY OF SAN DIEGO, JONATHAN FERRARO, JAMES EALSON, AND SCOTT WAHL

---

[1] Defendants recognize that Ninth Circuit precedent, including *Khoja*, has not yet expressly allowed reliance on unreferenced video evidence at the Rule 12(b)(6) stage. To the extent this Court concludes it is bound to exclude the video under current Ninth Circuit law, Defendants respectfully preserve this issue for appeal. The conflict between the Ninth Circuit's restrictive rule and the Supreme Court's qualified-immunity directive presents an important question of federal law warranting appellate resolution. See *Mitchell*, 472 U.S. at 526; *Scott*, 550 U.S. at 380

# EXHIBITS "A-F"

**A USB flash drive containing Exhibits A-F will be delivered to the Department**