UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU DING,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.:  25-cv-01683-AJB-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 18]** |

Before the Court is a Joint Motion for Protective Order.  (ECF No. 18.)  Good cause appearing, the Joint Motion is **GRANTED**, and the following Protective Order is entered:[1]

## PROTECTIVE ORDER

The Court recognizes that at least some of the documents, video/audio recordings and information ("materials") that may be sought through discovery in the above-captioned action are, for public safety and privacy reasons, normally kept confidential by the parties. The parties agreed to be bound by the terms of this Protective Order ("Order") in this action.

---

[1]     The Court has modified paragraph 14, and deleted proposed paragraphs 13 and 16, so that the Protective Order conforms to Section VI of Judge Burkhardt's Civil Chambers Rules.  The Court has also revised language in the introductory paragraphs for clarity.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information affecting public safety, information that may be deemed unduly prejudicial if not protected, as well as private information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(B). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

Plaintiff and Defendants may seek the discovery of certain documents, including video/audio recordings and items relating to the subject incident, which may be protected from disclosure pursuant to federal and state privacy laws and certain state statutes governing police personnel records, or may otherwise be personal and confidential, and/or which dissemination should be limited or prevented for the parties to have a fair trial.

Certain documents or items pertaining to Plaintiff, non-party witnesses, or San Diego Police Department officers may be requested and produced in this matter which contain personal, confidential, sensitive, and medical/psychotherapy information protected under constitutional or statutory provisions or under common law privacy interests. Plaintiff's, non-party witnesses', or officers' medical and/or military service records may be produced in this matter and these individuals may retain some privacy interests in such information. Some of those documents may be considered confidential under California state law.

<u>DEFINITIONS</u>

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, videos, audio recordings, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" information by any party to which it belongs.

2.    The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other

matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3.    The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Counsel for Plaintiff
Eugene Iredale
Sarah Musumeci
Iredale & Yoo, APC
105 West F Street, 4th Floor
San Diego, CA 92101
(619) 233-1525

Counsel for Defendants
Stacy Plotkin-Wolff
San Diego City Attorney's Office
1200 Third Avenue, Suite 1100
San Diego, CA 92101
(619) 533-5800

4.    **Scope of Order.** This Order shall govern the use and disclosure of all designated confidential information ("Protected Information") produced by or on behalf of any Party, or furnished by any person associated with any Party, on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any other disclosure or discovery proceeding in this Action. Any alleged Confidential Information produced in discovery shall only be used for the purposes of preparing for and conducting this Action and only as provided in this Order.

5.    **Confidentiality Designations.** Each party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

a.     Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

b.     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

6.     **Undertaking.** Any document or item marked "CONFIDENTIAL" shall be held in confidence by each Party or person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

7.     **Manner of Designation.**

a.     The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL" on all or any part of the document or thing. Wherever practicable, the designation of "CONFIDENTIAL" shall be made by the producing Party, person, or entity prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" within the meaning of this Order. Any non-

designating Party may challenge any designation of confidentiality in accordance with Paragraph 14 below.

b.    For testimony given in depositions, the Designating Party must identify the exhibits and testimony which are believed to be CONFIDENTIAL before the close of the deposition, unless the parties stipulate otherwise on the record. A Party may seek relief from the Court if such a failure to so designate during the deposition occurs. To the extent possible, the Party, person or entity making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" are appropriately bound by the reporter. The Parties should avoid designating entire transcripts as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated as Confidential Information.

c.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

d.     If a Party is permitted by agreement with other Parties or by order of the Court to inspect or review documents prior to official production in response to a Party's discovery request(s), all documents and things produced at such inspection will be considered to be "CONFIDENTIAL."  At the time any such responsive documents and/or things are officially produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Order.

8.     **Use and Access of Confidential Information.**

a.     CONFIDENTIAL:  Except as set forth herein, or in any subsequent order of the Court or by express written consent by counsel of record for the Parties, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to any person, other than:

i.     the Court, any Court personnel, and/or any court reporter or videographer recording or transcribing testimony in a deposition, hearing, or other proceeding in this Action;

ii.     Counsel for the Parties and the attorneys, paralegals, law clerks, and clerical staff who are providing active assistance to Counsel in this Action;

iii.     any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document or thing; and

iv.     the Parties to this Action; provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

v.     any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 9 below;

25-cv-01683-AJB-JLB

vi.    any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 9 below;

vii.    any expert, technical advisor, or consultant retained, employed, or consulted by any Party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Paragraph 9 below; and

viii.    other persons who may be specifically designated by consent of all Counsel of record for the Parties, or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 9 below.

9.    **Disclosure to Witnesses, Technical Advisers, Experts and/or Consultants; and Certification of Confidentiality.** Before giving any witness, expert, technical adviser and/or consultant as described in Paragraph 8 above access to information, documents or things designated as "CONFIDENTIAL," the Party's Counsel who seeks to disclose any such information to any such person shall require that person to read and agree to be bound by this Order by signing a certification that must be maintained by Counsel for the Party seeking to disclose such information until complete resolution of the following. The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or non-testifying consultant, with whom counsel may deem it necessary to consult concerning any technical, financial, or other aspect of this case for the preparation of litigating and/or conducing trial in this Action. The certification to be signed must state the following:

> *I certify my understanding that any documents, information, answers, responses, and/or other materials that are provided to me in this case are subject to the terms and restrictions of the Stipulated Protective Order in Ding v. City of San Diego, et al., 25-cv-01683-AJB-JLB (the "Order"). I have been given a copy and have read that Order. I have had its meaning and effect explained to me by counsel who provided me with the above-described information. I understand that any such information and/or documents, and any copies, notes, or other*

*memoranda regarding information in such documents, shall not be disclosed to others except in accordance with the Order, and shall be used only for purposes of this proceeding. I agree to comply with the Order.*

10.    **Safeguarding Confidential Information.** The recipient of any "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

11.    **Filing Under Seal.** Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual.  Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted.  An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction. The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal.  If any party opposes the application to file under seal, that party must, within one court day, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

12.    **Final Disposition: Parties with Confidential Information.** Within ninety (90) days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY" information furnished pursuant to the terms of this Order, any notes reflecting Confidential Information and all copies thereof,

which are not in the custody of the Court, shall, upon request, be returned to the Party furnishing that Confidential Information or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the Parties may retain their notes and any work product materials and litigation files.

13. **No Presumption of Protected Status.** This Order does not address discovery objections, nor does it preclude any party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise permitted by law. This Order does not preclude any party from moving for any relief cognizable under rules of civil procedure.

14. **Challenging Confidential Designation.** Any Party may object to a designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Within seven (7) days of receipt of the objections, unless agreed to otherwise by both parties, the designating party must identify the ground(s) for treating each portion of the designated materials as confidential. Thereafter, the parties must promptly meet and confer, pursuant to Local Rule 26.1.a. In all other respects, any challenge to a confidentiality designation must be raised with the Court in accordance with Section V of Judge Burkhardt's Civil Chambers Rules. The materials at issue must be treated as confidential until the Court has ruled on the objection, or the matter has been otherwise resolved.  Where the confidentiality of materials is contested, nothing in this order alters the legal standards or burdens for demonstrating that materials should be treated as confidential.

15. **Modification by The Parties.** Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the Parties, persons, or entities involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the Parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

16.    **Inadvertent Production.** The inadvertent production pursuant to discovery by any Party, person, or entity, of any document or communication that is protected by privilege, work product doctrine or statutory confidentiality, will not operate as a waiver of the producing person's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the person producing it on timely written demand identifying the specific document(s). Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designation may be subsequently designated by the producing Party, person, or entity as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide notice to all other Parties either orally followed by written notice within five (5) business days or the subsequent designation, or by written notice alone within five (5) business days. The designating person shall also provide a copy of the document or thing marked in accordance with this paragraph.

17.    **No Continuing Jurisdiction by This Court Upon Termination.** Unless superseded by later order, this Order shall be binding on the parties even after the termination of this Action. However, this Court will not retain jurisdiction for enforcement of this Order after this action is terminated.

18.    **Non-Parties.** The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

25-cv-01683-AJB-JLB

19.    **Exclusions.** The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

      a.    any information, document or thing which at the time of disclosure to a receiving party is in the public domain in its protected form;

      b.    any information, document or thing which after disclosure to a receiving party becomes part of the public domain in its protected form as a result of publication not involving a violation of this Order;

      c.    any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

      d.    to any party who produced the information, document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY".

20.    **Existing Obligations.** This Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party, person, or entity. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this Order.

21.    Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

22    The parties understand that the Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

25-cv-01683-AJB-JLB

23.    Without separate court order, this Order and the parties' joint motion do not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated:  September 16, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

25-cv-01683-AJB-JLB

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of the _____, _____, San Diego, California, 92101, declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on September ____, 2025, in the case of *Ding v. City of San Diego, et al*, Case No. 25-cv-01683-AJB-JLB.

I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.


Name: _____


Signature: _____    Date: _____

25-cv-01683-AJB-JLB