HEATHER FERBERT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
STACY J. PLOTKIN-WOLFF, Senior Chief Deputy City Attorney
California State Bar No. 174793
KEITH PHILLIPS, Chief Deputy City Attorney
California State Bar No. 190664
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856

Attorneys for Defendants
CITY OF SAN DIEGO, JONATHAN FERRARO,
PATRICK RICHARDS, EMILEE EMAMJOMEH,
JAMES EALSON, AND SCOTT WAHL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU DING, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, JONATHAN FERRARO, an individual, PATRICK RICHARDS, an individual, EMILEE EMAMJOMEH, an individual, JAMES EALSON, an individual, SCOTT WAHL, an individual, and DOES 1-25,<br><br>    Defendants. | Case No.  25-cv-01683-AJB-JLB<br><br>**DECLARATION OF STACY J. PLOTKIN-WOLFF RE: DKT. NO. 26**<br><br>Date:        November 20, 2025<br>Time:       2:00<br>Judge:      Hon. Anthony J. Battaglia<br>Court Room: 4A<br>Trial:        Not Set |

I, **STACY J. PLOTKIN-WOLFF**, declare and state as follows:

1.    I am an attorney duly licensed and authorized to practice law in the State of California and the Southern District of California; I am a Senior Chief Deputy City Attorney for the City of San Diego, and the City Attorney of San Diego is the attorney of record for Defendants City of San Diego, Jonathan Ferraro, Patrick Richards, Emilee Emamjomeh, James Ealson and Scott Wahl. The facts in this Declaration are

1  true and correct based upon my knowledge and, if called as a witness, I could and
2  would testify competently to each of the facts set forth herein.
3      2.    I wrote the memoranda of points and authorities in support of
4  Defendants' motions to dismiss (ECF Nos. 14-3 and 15-3). The two cases the Court
5  ordered me to provide copies of, as well as a third case, are attached as follows:
6      **Exhibit 1:**    *Davis v. City of Apopka*
7      **Exhibit 2:**    *Johnson v. City of Atlanta*
8      **Exhibit 3:**    *J.K.J. v. City of San Diego*
9      3.    On August 26, 2025, I received a medical diagnosis requiring my
10 immediate attention. I had a follow-up appointment on September 5, 2025. Between
11 those dates, my mind was reeling causing me to be somewhat distracted. On
12 September 6, 2025, I learned the diagnosis is not as severe as I believed.
13     4.    In preparing the requests for judicial notice, I researched whether the
14 circuits treated body worn camera footage differently at a motion to dismiss in
15 Westlaw and asked artificial intelligence if there was a circuit split, and if so, to
16 provide information as to which circuits allowed the footage and which did not.
17     5.    As a member of the San Diego County Bar Association's Ethics
18 Committee, I am fully aware of the dangers of accepting artificial intelligence's
19 responses without double checking them, which I did.
20     6.    I returned to Westlaw and pulled up the cases I planned on citing, read
21 them, decided not to use *Davis*, and to use *J.K.J.* It appears, in my haste to have the
22 documents filed, I did not replace the *Davis* case with a case I found that stands for
23 the proposition for which AI incorrectly cited *Davis*. The correct case is *Johnson v.*
24 *City of Atlanta,* 107 F.4th 1292 (2024) and I mistyped both citations.
25     7.    I did not intend to cite *Davis v. City of Apopka*. I pulled up that case and
26 determined it did not say what AI stated. As a result, I continued my Westlaw
27 research and found the *Johnson* case. However, I liked the language used by AI and
28 copied it into the document. I failed to change the citation to the *Johnson* case.

8. In affirming the District Court's dismissal of the complaint, the *Johnson* Court upheld the District Court's consideration of body-worn camera and dash camera footage, despite them not being attached to or mentioned in the complaint. *Johnson,* 107 F.4th 1300. The District Court found that it could consider videos under the incorporation-by reference doctrine because they were central to the plaintiff's claims and the plaintiff did not challenge their authenticity. *Johnson,* 107 F.4th at 1297. Ultimately, the *Johnson* Court ruled:

> a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged.

*Id.* at 1300. The Court then found that the "requirements of the incorporation-by-reference doctrine are easily satisfied. *Id.* at 1300-01.

9. *J.K.J.* has multiple citations in Westlaw. The most recent was *J.K.J. v. City of San Diego*, 42 F.4th 990 (2021), which amended the panel's earlier decision. The amended opinion was vacated when the 9th Circuit granted an *en banc* hearing. The *en banc* hearing did not occur.

10. In the amended opinion, the 9th Circuit found that the District Court did not err in considering the body cam footage, which had been incorporated into the complaint by reference. *J.K.J. v. City of San Diego,* 42 F.4th at 997. The Court further stated:

> Specifically, a court may consider documents "incorporated into the complaint by reference." Such documents are "assume[d] ... [to be] true for purposes of a motion to dismiss." Thus, where the complaint makes "conclusory allegations that are contradicted by documents referred to [or incorporated] in the complaint," a court may decline to accept such conclusory allegations as true. On the other hand, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute *facts* stated in a well-pleaded complaint."

*Id.* at 997-98 (emphasis in original).

11. I usually have someone cite check my filings once I am finished writing them. I did not have that support when I submitted the motions and the requests for

judicial notice. Nonetheless, I should have caught these issues and fixed them before filing the documents.

12. I sincerely apologize for making these mistakes and am even more sorry for wasting the Court's time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 6th day of October 2025 at San Diego, California.

                                       */s/ Stacy J. Plotkin-Wolff*
                                       Stacy J. Plotkin-Wolff