UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU DING,<br><br>                      Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                      Defendants. | Case No.:  25-cv-01683-AJB-JLB<br><br>**ORDER**<br><br>(Doc. No. 43) |

Before the Court is Plaintiff Chu Ding's ("Ding") *Ex Parte* Motion to Lodge a Redline Version of the First Amended Complaint and for Clarification of Court's Order. (Doc. No. 43.) Ding seeks (1) "permission to file a redline version of the First Amended Complaint" and (2) "clarification of this Court's May 4, 2026 order permitting Plaintiff to amend the Complaint as to whether it was limited to only claims four and five." (*Id.*) Upon review of the *ex parte* motion, the Court finds that a hearing is not necessary for its resolution. J. Battaglia Civ. Case Proc. § V.C.

As relevant here, the Court granted in part and denied in part motions to dismiss filed by "Individual Defendants"[1] and the City of San Diego (the "City"). (Doc. No. 31.)

---

[1] The Individual Defendants identified in Ding's initial complaint are Jonathan Ferraro, Patrick Richards, Emilee Emamjomeh, James Ealson, and Scott Wahl ("Wahl").

The Court stated that it "finds that granting Ding limited leave to amend his Complaint is appropriate. Ding may file a first amended complaint that addresses the identified defects in Counts Four and Five. Ding may also use this opportunity to better conform his Complaint to Rule 8's requirements." (*Id.* at 26.)

After Ding filed a First Amended Complaint ("FAC") (Doc. No. 32), the City and Wahl moved to dismiss the FAC. (Doc. No. 41). The City and Wahl contend, *inter alia*, that Ding's FAC "exceeds the scope of this Court's limited leave to amend" because Ding "(1) names as new defendants [San Diego Police Department] Officers Austin Lewis, John Ambrose, Eric Cooper, and David Brecht; (2) adds a new cause of action for Denial of Medical Care; and (3) adds 237 paragraphs and 31 pages to his FAC." (*Id.* at 9–10 (footnote omitted).)

Ding filed the present *ex parte* motion, which the City opposes. (Doc. Nos. 43; 44.)

In light of the City and Wahl's motion to dismiss and Ding's *ex parte* motion, the Court clarifies that the addition of a new cause of action exceeds the scope of the Court's limited leave to amend.[2] The Court plainly stated that Ding's first amended complaint could "address[] the identified defects in Counts Four and Five." (Doc. No. 31 at 26.) The Court also explained that Ding could "better conform his Complaint to Rule 8's requirements." (*Id.*) In discussing the applicability of Federal Rule of Civil Procedure 8, the Court pointed out that Ding's complaint engaged in shotgun pleading, or the "tactic of drafting 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint.'" (*Id.* at 25 n.7.) The Court consequently "encourage[d] Ding and his counsel

---

[2]    Considering Ding's stated intent to move for leave to file the FAC (Doc. No. 43 at 3), the Court declines to address the City and Wahl's concerns regarding Ding naming new defendants and adding 237 paragraphs and 31 pages to his FAC. (*See* Doc. No. 41 at 9–10.) The parties may address the appropriateness of such changes in their briefs on the anticipated motion for leave.

to take the amendment opportunity to clarify which specific facts are relevant to this Count [Eleven]." (*Id.* (emphasis added).)

Under these circumstances, a narrow reading of the Court's Order would limit Ding to amending the complaint as it related to Counts Four, Five, and Eleven. (*See id.* at 25–26.) It would also be reasonable to read the Order to more broadly allow Ding to address the shotgun nature of each cause of action contained in the initial complaint. (*See* Doc. No. 1 ¶¶ 202, 211, 227, 243, 260, 274, 283, 291, 306, 316, 322.) However, nothing in the Order could be charitably read to authorize the addition of an entirely new cause of action. (*See generally* Doc. No. 31.)

Having provided this clarification, the Court **ORDERS**:

1.    In the interest of efficiency, the Court **VACATES** the briefing schedule for the City and Wahl's motion to dismiss. (Doc. No. 42.)

2.    The Court **STAYS** the responsive filing deadline for Defendants Austin Lewis, John Ambrose, and David Brecht. (*See* Doc. Nos. 37–39.)

3.    Ding may file a motion for leave to file the FAC on or before **July 15, 2026**. The motion for leave must be accompanied by a clean and a redline version of the FAC. CivLR 15.1.b.

a.    If Ding moves for leave to file the FAC, the Court will deny the City and Wahl's motion to dismiss without prejudice and enter a new briefing schedule for the motion for leave.

b.    If Ding does not move for leave to file the FAC, the Court will strike the newly added cause of action; set a responsive filing deadline for Defendants Austin Lewis, John Ambrose, and David Brecht; and enter a new briefing schedule for the City and Wahl's motion to dismiss.

**IT IS SO ORDERED**.

Dated:  July 2, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-01683-AJB-JLB